**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:06CV72-C**

RALEIGH A. BELLAMY,     )
                  )
     **Plaintiff,**     )
                  )
     **vs.**          )     **<u>MEMORANDUM AND RECOMMENDATION</u>**
_____)
**NATIONWIDE INSURANCE and** )
**TOWN & COUNTRY FORD,**     )
                  )
     **Defendants.**     )
_____)

**THIS MATTER** is before the Court on the following motions and memoranda:

1. Defendant Nationwide Insurance's "Motion to Dismiss [for Insufficient Service of Process]" (document #12) and "Memorandum ... in Support ..." (document #15), both filed August 28, 2006; and

2. Defendant Town and Country Ford, Inc.'s "Motion to Dismiss [for Insufficient Service of Process]" (document #17) and "Brief ... in Support ..." (document #20), both filed September 13, 2006.

Although the record reflects that the <u>pro se</u> Plaintiff was served with a copy of both Motions and their accompanying briefs, he has not filed a brief in opposition or otherwise responded to the Defendants' Motions and the time for filing a response has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motions are now ripe for the Court's consideration.

Having fully considered the arguments of counsel, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' Motions be <u>denied</u>, so long as the

Plaintiff effects proper service of process as set forth below; however, should the Plaintiff fail to effect proper service, the undersigned will respectfully recommend that the Defendants' Motions be <u>granted</u>.

## I. <u>FACTUAL AND PROCEDURAL HISTORY</u>

This is an action to recover proceeds under an automobile insurance policy.   The <u>pro se</u> Plaintiff, Raleigh A. Bellamy, a citizen of New York, contends that on August 15, 2001, he purchased an automobile from Town & Country Ford, Inc. ("Town & Country"), a North Carolina corporation that operates an automobile dealership located at 4801 East Independence Boulevard in Charlotte.  The Plaintiff further alleges that he "relied" on Town & Country "to register [his] vehicle and obtain insurance" on it, and that Defendant "Nationwide Insurance" initially issued an automobile liability insurance policy.

The Plaintiff contends that after he was involved in an automobile accident on August 24, 2002, Defendant Nationwide denied coverage.

On February 17, 2006, the Plaintiff filed his <u>pro se</u> Complaint, seeking to recover insurance proceeds "exceeding $75,000."

On July 14, 2006, the Plaintiff sought and received an extension of time to effect service of process through November 14, 2006.  <u>See</u> documents ## 2 and 3.

On July 26, 2006, the Plaintiff attempted to serve both Defendants by mailing copies of the Summons, and concerning Defendant Nationwide, apparently a copy of the Complaint, to Town & Country's dealership in Charlotte.  Rather than being addressed to corporate officers or agents of the respective Defendants, however, the Summons and envelopes were addressed only to "Town & Country Ford" and to "Nationwide Insurance," respectively.   <u>See</u> documents ## 8 and 9.

On August 28, 2006, Defendant Nationwide moved to dismiss the Complaint without prejudice, contending that there is no entity entitled "Nationwide Insurance" and that attempting service on Nationwide through Town & Country was insufficient in any event.[1]

On September 13, 2006, Defendant Town & Country filed its Motion to Dismiss without prejudice, stating that it had been served with the Summons only, and that service addressed only to "Town & Country Ford" was insufficient, as discussed below.

As noted above, the Plaintiff has been served with but has not responded to the Defendants' Motions to Dismiss, which are ripe for disposition.

## II. DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure provides that service of process upon a corporation may be made in the manner prescribed by "the law of the state in which the district court is located ... or by delivering <u>a copy of the summons and of the complaint to ... any agent authorized by appointment or by law to receive service</u>" on behalf of the defendant. Fed. R. Civ. P. 4(e)(1) <u>and</u> (h)(1) (emphasis added).

It is undisputed that the Plaintiff has never served a copy of the Complaint on Defendant Town & Country, and never attempted service upon any agent authorized to receive service on behalf of either Defendant. It is well settled, however, that all insurance companies doing business in North Carolina are amenable to service of process through the North Carolina Department of Insurance. <u>See, e.g.</u>, N.C. Gen. Stat. § 58-16.30 (insurance company may be served by sending copy of summons and complaint to the North Carolina Department of Insurance via registered or certified

---

[1] In its briefs, Defendant Nationwide states that there are "at least seven companies with similar names to 'Nationwide Insurance,'" but does not state which, if any, of them is the proper party defendant for this action.

mail, return receipt requested); and Thomas v. Washington, 136 N.C. App. 750, 755, 525 S.E. 2d 839, 843 (2000). Similarly, all corporations organized under North Carolina law may be served with legal process through their registered agent as recorded in the Office of the North Carolina Secretary of State. N.C. Gen. Stat. § 55D-33(a) (service of process on registered agent at registered office by certified mail, return receipt requested).

Ordinarily, a complaint that has not been properly served is subject to dismissal without prejudice. Mendez v. Elliott, 45 F. 3d 75, 78-79 (4th Cir. 1995) ("if a plaintiff is not diligent and fails to serve the complaint within [the time allotted] ... the case shall be dismissed without prejudice").

Although the Plaintiff's efforts to serve the Defendants have been insufficient to this point, in light of his pro se status and, further, because the previously-extended time for effecting service has not yet expired, the undersigned will respectfully recommend that the Defendants' Motions to Dismiss be denied so long as the Plaintiff makes proper service within the allotted time. The undersigned cautions the Plaintiff, however, that he may not make service merely upon "Nationwide Insurance," but only upon the entity identified as the insurer in his insurance policy. Moreover, the Plaintiff must serve each Defendant with a Summons and copy of his Complaint through an appropriate agent and in an appropriate manner.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned will respectfully recommend that Defendant Nationwide Insurance's "Motion to Dismiss" (document #12) and Defendant Town and Country Ford, Inc.'s "Motion to Dismiss" (document #17) be **DENIED**, so long as the Plaintiff makes proper service of process on or before November 14, 2006.

However, and now having warned the Plaintiff of the consequences of not doing so, should he fail to properly serve the Defendants, or either of them, the undersigned respectfully recommends that the Motion to Dismiss filed by that Defendant (or both of them, should the Plaintiff fail to serve either in proper fashion) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE** as to that (or both) Defendant(s).

## IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>United States v. Rice</u>, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to <u>de novo</u> review by the district court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder</u>, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the <u>pro se</u> Plaintiff; to counsel for the Defendants; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: October 3, 2006

Carl Horn, III
United States Magistrate Judge