**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cv072-C**

| | |
|---|---|
| RALEIGH A. BELLAMY )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NATIONWIDE INSURANCE and )<br>TOWN & COUNTRY FORD )<br>Defendant. )<br>_____) | <u>     ORDER     </u> |

On October 3, 2006, the magistrate judge issued a Memorandum and Recommendation (Doc. No. 23) containing proposed findings of fact and conclusions of law, recommending that Defendant Nationwide Insurance's Motion to Dismiss (Doc. No. 12) and Defendant Town and Country Ford, Inc.'s Motion to Dismiss (Doc. No. 17) be **DENIED,** so long as the pro se plaintiff made proper service of process on the defendants on or before November 14, 2006, and if he failed to do so, that the Motion to Dismiss filed by that defendant (or both of them, should the plaintiff fail to serve either in proper fashion) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE** as to that (or both) defendant(s).

The parties were advised that objections were to be filed in writing within ten days after service of the magistrate judge's decision. The plaintiff in an untimely fashion filed an Objection on November 13, 2006 (Doc. No. 24), which appears to be a request to the Court to serve the defendants on behalf of the plaintiff. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The plaintiff does not seem to have made any attempt to comply with the magistrate's M&R directive to properly serve the defendants, despite the magistrate's leniency in giving him more than a month of additional time to do so. While pro se litigants are afforded latitude when it comes to technical procedural requirements, the Court expects, at the very least, the litigant to demonstrate a certain level of diligence, e.g., by objecting to the M&R within the ten day requirement, and by serving the defendants by the deadline imposed by the M&R. Neither task was accomplished by the plaintiff.

After careful review of the magistrate judge's Recommendation, the Court finds that the proposed findings of fact are supported by the record and his conclusions of law are consistent with and supported by current case law. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (holding that only a careful review is required in considering a memorandum and recommendation absent specific objections). Accordingly, the Court hereby accepts the M&R and adopts it as the final decision of this Court for all purposes relating to this case.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Nationwide Insurance's Motion to Dismiss (Doc. No. 12) and Defendant Town and Country Ford, Inc.'s Motion to Dismiss (Doc. No. 17) are **GRANTED** and the Complaint **DISMISSED WITHOUT PREJUDICE.**

Signed: November 21, 2006

Robert J. Conrad, Jr.
Chief United States District Judge